# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1315V

|  |  |
|---|---|
| THOMAS WILLIAMS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: September 11, 2023 |

*Lisa Annette Roquemore*, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for Petitioner.

*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

    On August 29, 2019, Thomas Williams filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome after receiving an influenza vaccine on October 4, 2016. Petition, ECF No. 1. On November 21, 2022, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 51.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $109,133.89 (representing $107,178.50 for attorney's fees and $1,955.39 for attorney's costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed June 8, 2023, ECF No. 55 at 2. Additionally, Petitioner requests reimbursement of expert fees incurred by "ReEntry Rehabilitation Services" in the amount of $17,513.25. ECF No. 55-9. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred out-of-pocket expenses in the amount of $3,224.81. ECF No. 55-5. Respondent did not file a response to Petitioner's Motion thereafter.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested the hourly rate of $475 for 2023 work performed by attorney Lisa A. Roquemore, representing a rate increase of $28. ECF No. 55-2 at 94-95. I find this increase to be reasonable and will award the attorney's fees requested. And all time billed to the matter was also reasonably incurred; although the fees award is substantial, the sum obtained for the Petitioner was far greater, and the work performed on the matter overall was commensurate with the needs of the claim.

Petitioner further requests $19,468.64 in overall costs (representing $1,955.39 in attorneys' costs and $17,513.25 in expert costs incurred by Ms. Elizabeth Kattman, M.S., of ReEntry Rehabilitation Services Inc.). Petitioner has provided supporting documentation for all claimed costs. ECF Nos. 54-4, 55-9. Respondent offered no specific objection to the rates or amounts sought.

Ms. Kattman appears to have conducted life care planning research and prepared a subsequent Life Care Plan report in this matter, at the hourly rate of $225 during the period of October 2020 to July 2021. ECF No. 55-9. Special masters must be mindful that "[l]ike attorneys' fees, reasonable expert fees are determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. Experts should create an invoice that explains what tasks are being done, how long the tasks take, and who is performing the tasks." *Wilson* v. *Sec'y of Health & Hum. Servs*., No. 14-411V, 2017 WL 1374748 at *2 (Fed. Cl. Spec. Mstr. Mar. 22, 2017) (citing *Caves* v. *Sec'y of Health & Hum. Servs*., 111 Fed.Cl. 774, 781-83 (2013). This hourly rate has remained the same since 2015 and special masters have previously determined the rate to be reasonable for similar experts. See *Wilson* v. *Sec'y of Health & Hum.* Servs., No. 14-411V, 2017 WL 1374748 at *3 (Fed. Cl. Spec. Mstr. Mar. 22, 2017) (finding an hourly rate of $225.00 for an expert with ReEntry Rehabilitation Services to be reasonable). Based on this, and in light of the work product produced in this case, I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $129,871.95 as follows:**

- **A lump sum of $126,647.14, representing reimbursement for attorney's fees; attorney's costs and expert costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel and;**

- **A lump sum of $3,224.81, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

                                        <u>s/Brian H. Corcoran</u>
                                        Brian H. Corcoran
                                        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.